### GAEDE v CLEVELAND RAILWAY CO

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12460. Decided Aug 2, 1932

Anderson & Lamb, Cleveland, and J. B. Dworken, Cleveland, for plaintiff in error.

Squire, Sanders & Dempsey, Cleveland, for defendant in error.

FARR, J (7th Dist), MAUCK and MIDDLETON, JJ, (4th Dist) sitting.

MAUCK, J.

We do not deem it necessary in this case to recite its history or set forth the pleadings nor discuss the procedure at length. We assume, but do not hold, that the amended petition would have supported a verdict for the plaintiff, and we assume, but do not hold, that the answer to the special interrogatories would have been consistent with the verdict for the plaintiff. This leaves three questions urged upon the court for a reversal of the judgment.

1. It is urged that the attorney for the defendant was guilty of misconduct in the examination of Miss Thomas. A reading of the record develops not only that there was no such misconduct, but that the defendant was improperly obstructed in conducting such examination and never succeeded in getting that liberty of examining the witness that was due him.

It was admitted in oral argument by counsel for the plaintiff that the attorney for the defendant was surprised by Miss Thomas' testimony, and the record demonstrates that this was true. It clearly appears that Miss Thomas testified contrary to a statement signed by her then in pos-

session of counsel for the defendant. The defendant's right was clear. Even though the witness were not found to be adverse the defendant had a right not only to inquire of the witness in regard to the apparently contradictory statement made by her, for the purpose of refreshing her memory and correcting her testimony if it appeared incorrect, but had the further right to confront her with her former statement by reading the same to her. Mr. Freeman in a monographic note to Lodge v State, 82 Am. St. 59, of the rule prevailing (omitting the supporting authorities) says:

"A party may examine his own witness as to previous statements he made inconsistent with his testimony. Such an examination is not considered an impeachment of one's own witness. * * * Testimony of this kind is receivable to explain the attitude of the party calling the witness, and also to refresh the recollection of the witness so as to lead him, if mistaken to correct his testimony. * * * When a witness of a party is found to be adverse to him, he may be cross-examined by the party calling him the same as any other witness, even by putting leading questions to him, since the danger arising from such a mode of examination by the party calling a friendly witness cannot exist."

This is unquestionably the rule in this state. **Hurley v State, 46 Oh St 320.**

2. It is further complained that the trial court in submitting to the jury certain special interrogatories prepared by the plaintiff informed the jury that they were submitted at the instance of plaintiff. Certainly there would appear to have been no prejudice to plaintiff if the court had erred in this particular, but it was not error to so advise the jury.

3. A more serious question arose upon examination of Mr. Burton, a police officer of the city of Cleveland. Mr. Burton was asked by counsel for defendant if a police report, then in possession of the witness, but made by another officer, did not assert in substance that such other officer had information that plaintiff's injury resulted from his own carelessness. This question was permitted and was answered in the affirmative. This was nothing better than hearsay and was seriously irregular in that it was worse than hearsay because it elicited the opinion of some unknown third party upon a vital issue in the case. Under any ordinary circumstance this irregularity would require a reversal. In the instant case, however, the record shows that coun-

sel for plaintiff succeeded in eliciting from this witness other hearsay evidence, predicated on this identical report, quite as irregular and quite as damaging to defendant as that portion of the report complained of by plaintiff. Plaintiff, having thus departed from orderly procedure by obtaining improper advantage of having some of the contents of this report used in his interest, cannot complain that other portions of same report were used to his disadvantage.

Judgment affirmed.

FARR and MIDDLETON, JJ, concur.